**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: September 22 2016

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 15-30859 |
| | ) | |
| Superior Towing & Transport, LLC | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | **JUDGE JOHN P. GUSTAFSON** |

**MEMORANDUM RE: MOTION TO DISMISS AND MOTION CONVERT CASE TO CHAPTER 7**

    This cause comes before the court on the Motion to Dismiss Case filed by Superior Towing & Transport, LLC [Doc. #125], Creditor The Farmers & Merchants State Bank's Objection to Debtor's Motion to Dismiss [Doc. # 131], and Creditor The Farmers & Merchants State Bank's Motion to Convert Debtor's Chapter 11 Proceeding to Chapter 7 Proceeding [Doc. #137].

    Superior Towing & Transport, LLC ("Debtor") indicated in its Motion to Dismiss that: 1) Debtor has been unable to successfully reorganize and rehabilitate its once profitable towing business [Doc. #125, p. 1]; 2) reorganization by Debtor is not presently feasible [*Id*. p. 2]; and 3) Debtor was seeking dismissal to allow the Debtor to cease operations entirely [*Id*.].

    A Hearing on Debtor's Motion was held on August 18, 2016, resulting in an Order requiring Debtor to: 1) file all monthly reports; and 2) pay all Section 1930 fees owed to the Office of the U.S.

Trustee. The court also gave Farmers and Merchants State Bank ("F&M" or "Bank") until August 31, 2016 to file a Motion to Convert this case to a proceeding under Chapter 7. That Motion was filed on August 29, 2016.

The Bank's Motion set forth F&M's arguments as to why conversion to Chapter 7 was in the best interest of creditors, primarily itself as the largest unsecured creditor of Debtor. The Motion asserted that Debtor has substantial unencumbered assets, consisting primarily of trucks and trailers, that could be liquidated and used to pay the remaining balance of the obligation owed to F&M pursuant to a Judgment entered in the Court of Common Pleas of Fulton County on or about October 24, 2013. [Doc. #137, Ex. A].

While Debtor emphasizes that only about $7,000 in principal remains owing on the Judgment after various payments totaling $708,832 have been applied to principal, F&M has calculated accrued interest, as of the date of the filing of the Chapter 11 case on March 22, 2015, to be in the amount of $206,336.92, with $22,391.38 having been applied to that accrued interest. That would leave F&M being owed about $183,945.54 in accrued pre-Petition interest on the state court Judgment.

In a December 5, 2014 Order, the Fulton County Court of Common Pleas found that the President and owner of the Debtor, Carrie Zappone [Doc. #24, p. 22], was one of the persons who had "purposefully removed the Equipment to locations in Michigan and Indiana in an effort to frustrate the Writ of Execution contrary to the provisions of R.C. 2705.02." [Doc. #137, Ex. B, p. 2, ¶3].

Counsel for the Debtor[1] presented an opinion letter dated September 20, 2016, in which attorney Robert J. Bahret stated that, in his opinion, the Zappones (Carrie Zappone and her husband, Todd Zappone) have a cause of action against F&M for wrongfully "calling the loan" after the IRS seizure of approximately $1,000,000 from a safe at Ohio Scrap Corporation.[2] [Doc. #145].

---

[1]/ On September 16, 2016, Counsel filed a Motion to Withdraw and for Extension of Time. [Doc. #141]. The request for an extension of time - a 30 day continuance of the hearing on F&M's Motion to Convert - was denied. [Doc. #143]. A Hearing on the Motion to Withdraw is scheduled for October 5, 2016 at 2:00 p.m.

[2]/ Ohio Scrap Corporation is also owned by Carrie Zappone. [Case 15-30858, Doc. #23, p. 22]. Ohio Scrap filed for Chapter 11 on March 22, 2015, the same day as Superior Towing & Transport, LLC. Ohio Scrap Corporation, Case Number 15-30858, was ordered dismissed after a Hearing held just prior to the Superior Towing Hearing. At the Hearing, no party objected to the granting of Debtor's Motion to dismiss Ohio Scrap.

For purposes of the issue before the court - whether Debtor should be converted or dismissed - the court will assume that Carrie Zappone and her husband have a colorable cause of action against F&M, and will, in fact, "sue the bank to recover the losses sustained by the Zappones." The Zappones are co-debtors on the Judgment F&M has against the Debtor (and Ohio Scrap). However, this potential avenue for creating a future setoff against amount owed to the Bank (or even an affirmative recovery) is insufficient to counterbalance the weight that must be given to a final non-appealable state court money judgment.[3] Moreover, if the Zappones are successful, it appears likely that F&M would have sufficient assets to pay any future judgment. This is not a situation where monies from a Chapter 7 liquidation would be paid to an uncollectible person or entity.

Under the statute, "cause" has been shown to either dismiss (as Debtor has requested) or convert (as F&M has requested) the above captioned case. *See*, 11 U.S.C. §1112(b)(1). This is not a case where any party has argued that the Debtor should remain in Chapter 11. If there is "cause", absent "unusual circumstances" the court "shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter." *Id*. The court finds there are no "unusual circumstances" and specifically finds that appointment of a Chapter 11 trustee would not be appropriate.

The court has discretion to determine whether dismissal or conversion is in the best interest of creditors and the estate. *Mitan v. Duval (In re Mitan)*, 573 F.3d 237, 247 (6th Cir. 2009); *Small Business Administration v. Preferred Door Company, Inc.*, 990 F.2d 547, 549 (10th Cir.1993); *In re Lumber Exchange Bldg. Ltd. Partnership*, 968 F.2d 647, 648 (8th Cir. 1992); *In re Visicon Shareholders Trust*, 478 B.R. 292, 316 (Bankr. S.D. Ohio 2012). Courts have considered a variety of factors in deciding between dismissal and conversion. *See*, 7 Collier on Bankruptcy, ¶1112.04[7] at 1112-41 - 1112-42 (16th ed. 2012).

The main factors influencing the court's decision to convert this case to a proceeding under Chapter 7 is that the bankruptcy estate includes substantial unencumbered assets. [Doc. # 24, Sched. B, p. 6]. These assets appear to have value and would be readily saleable by a Chapter 7 trustee. There is no "going concern" value as the Debtor requested in its Motion that the court "dismiss these

---

[3]/ The *Rooker-Feldman* doctrine generally prevents collateral attacks on state court judgments in federal court.

proceedings and allow the Debtor to cease operations entirely." [Doc. #125, p. 2]. For the creditors in this case, it appears that value can be maximized through a Chapter 7 liquidation.

The court considered the issue of whether the unsecured debts in this case, which are owed primarily to F&M, were substantial enough to warrant the administrative burdens of a Chapter 7 case. The court finds that they are. Ignoring additional claims that F&M asserts that it has (for attorney fees and costs of collection), and considering other encumbered assets that might serve to pay the F&M claim (the bank's negotiated interest in the suit against the IRS for return of the seized cash, or alternatively the two tagged items owned by Ohio Scrap) it appears that F&M is owed a minimum of approximately $100,000 that would need to be paid if this case were converted to a Chapter 7. In other words, this does not appear to be a case where a Chapter 7 trustee would undertake the liquidation of assets and then be left without creditors holding substantial claims to be paid from the proceeds of the liquidation.

The court is also concerned that there was a prior incident of assets being moved out of state to prevent liquidation of assets in an earlier state court proceeding. [Doc. #137-3, Ex. B]. Conversion to Chapter 7 protects the interests of creditors in being paid from the unencumbered assets of the Debtor's estate. There would be a "loss of rights" if the case were dismissed - the assets would not be protected from transfer or movement by 11 U.S.C. Section 549 and 18 U.S.C. Section 152(1).

The court finds that the case is not an involuntary case originally commenced under Chapter 11, and that the case has not been previously converted to a case under Chapter 11.

For all of the above reasons, and for the reasons stated on the record, this Chapter 11 case will be converted to a case under Chapter 7 by a separate Order.